Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BREANN NEELEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED COMPUCRED COLLECTIONS, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>Case no. 2:10-cv-00824-BSJ<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

1

3. Plaintiff, Breann Neeley ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant, United Compucred Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Defendant was assigned for collection a debt a collection account in the amount of approximately $89 ("the Debt").

10. Defendant reported the status of the Debt to Experian, a consumer credit reporting agency, multiple times within the last year, the last time being in May, 2010. (See Credit Report Entry by Defendant, attached hereto as Exhibit "A").

11. Defendant has repeated listed falsely the identity of the "Original Creditor" with Experian as "Use Merchant Files." (See Exhibit "A"). Defendant verified this false information in response to Plaintiff's dispute of the alleged debt in May, 2010. (See Exhibit "A").

12. In May, 2010, Plaintiff informed Experian that the Debt reported by Defendant

was in dispute.

13. In response to Plaintiff's dispute of the Debt, Experian, consistent with what Plaintiff understands to be their normal protocol, sent a verification request to Defendant, asking that Defendant verify the information listed theretofore with Experian in regard to the Debt.

14. Defendant responded to Experian's verification request by verifying all the information in the report, as indicated by the note in Exhibit "A" stating "This item was verified on May 2010 and remains unchanged."

15. Experian's verification request, referenced in paragraph 13, above, was or should have been sufficient notice to Defendant that Plaintiff had disputed the debt.

16. The FDCPA, § 1692e(8), prohibits debt collectors from supplying false information to credit bureaus like Experian. In addition, § 1692e(8) specifies that failing to communicate that a debt has been disputed is also a violation of that section.

17. Defendant violated § 1692e(8) in two ways. First, after having been constructively informed that Plaintiff disputed the debt by way of Experian's verification request, Defendant communicated credit information (in the form of verification of the existing information) without communicating that the debt had been disputed, which is specifically required by that subsection. Second, Defendant falsely listed the identity of the "Original Creditor" as "Use Merchant Files," and even after Plaintiff disputed the information, Defendant verified that this indeed was the name of the original creditor when it verified the existing information in May, 2010.

18. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

severe emotional distress.

19. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

20. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

21. To the extent Defendant's actions, detailed in paragraphs 8-17, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates by reference all of the preceding paragraphs.

23. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(8) & § 1692e(10).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 19th day of August, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Salt Lake City, Utah